**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **WILSON CRITE, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 04-CV-2219 |
| ) | |
| **ARMSTRONG WORLD INDUSTRIES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

On October 8, 2004, Plaintiff, Wilson Crite, Jr., filed his Complaint (#1) against Defendant, Armstrong World Industries, Inc. (Armstrong). On February 7, 2005, Plaintiff filed an Amended Complaint (#14). Plaintiff alleged that Armstrong discriminated against him on the basis of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.).

On August 1, 2005, Armstrong filed a Motion for Summary Judgment (#30) and a Brief in Support of Motion for Summary Judgment (#31) with supporting documentation. On August 20, 2005, Plaintiff filed a Motion for Extension of Time to File his Response as to Motion for Summary Judgment (#35). On August 22, 2005, this court, by text order, granted Plaintiff's Motion and allowed Plaintiff until August 26, 2005, to file his Response. This court also stated that Armstrong's Reply was due on September 9, 2005. Plaintiff has not filed a Response, even though he was allowed additional time to do so. On September 6, 2005, Armstrong filed a Memorandum (#37) noting that Plaintiff had not filed a Response, so Armstrong was making no Reply at this time. Armstrong further stated it would object to consideration of any untimely Response filed by Plaintiff.

This court has carefully reviewed the documents and arguments presented by Armstrong.

Following this careful review, Armstrong's Motion for Summary Judgment (#30) is GRANTED.

SUMMARY JUDGMENT

As noted, Plaintiff has not filed a response to Armstrong's Motion for Summary Judgment. Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days of service of a motion for summary judgment, unless the time is extended by the court, any party opposing the motion shall file a response . . . . A failure to respond shall be deemed an admission of the motion.

The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank, 54 F.3d at 392.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge, 24 F.3d at 920.

In this case, Armstrong has provided a detailed statement of undisputed material facts with supporting documentation. Based upon the undisputed facts set out by Armstrong, the supporting documentation, and the case law cited by Armstrong, this court concludes that there is no genuine issue of material fact requiring a trial. This court concludes that Armstrong is entitled to judgment as a matter of law on Plaintiff's claim of race discrimination.

IT IS THEREFORE ORDERED THAT:

(1) Armstrong's Motion for Summary Judgment (#30) is GRANTED. Judgment is entered in favor of Armstrong and against Plaintiff.

(2) This case is terminated.

ENTERED this 13th day of September, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE